## UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| | ) | |
| | ) | |
| **JON CONNOR and SOLMAZ ALAVI** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:23-CV-00495-X** |
| | ) | |
| **MEXICO MOVING COMPANY, LLC,** | ) | |
| **an Alabama Limited Liability Company,** | ) | |
| **RONALD PONTON, JR., an Individual,** | ) | |
| **RONALD PONTON, SR., an Individual,** | ) | |
| | ) | |
| **Defendants** | ) | |

---

### PLAINTIFFS' AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW the Plaintiffs, JON CONNOR and SOLMAZ ALAVI, and sue the Defendants, MEXICO MOVING COMPANY, LLC, an Alabama Limited Liability Company, RONALD PONTON, JR., an Individual, and RONALD PONTON, SR., an individual, jointly and severally, and in support of such suit would show this Honorable Court as follows:

### PARTIES

1) The Plaintiffs, JON CONNOR and SOLMAZ ALAVI, hereinafter referred to as "CONNOR", were residents of Canada and are now residents of Mexico.

1) The Defendant, MEXICO MOVING COMPANY, LLC, hereinafter referred to as MEXICO MOVING, is an Alabama Limited Liability Company that apparently operates nationwide, including Dallas County, Texas, without the required certificate of authority to operate in Texas.

2) MEXICO MOVING was served with process in care of Ronald Ponton, Sr., its Registered

Agent at 3220 Cottage Hill Road, Suite 3204, Mobile, Alabama, 36606, its registered address.

3) MEXICO MOVING has made an appearance in this case through counsel.

4) The Defendant, RONALD PONTON, SR., hereinafter referred to as PONTON SR, is an individual doing business in Dallas County, Texas, as Mexico Moving Company, LLC. RONALD PONTON, SR.

5) PONTON SR was served with process at his apparent home address of 3220 Cottage Hill Road, Suite 3204, Mobile, Alabama, 36606.

6) PONTON SR has made an appearance in this case through counsel.

7) The Defendant, RONALD PONTON, JR., hereinafter referred to as PONTON JR, is an individual doing business in Dallas County, Texas, as Mexico Moving Company, LLC. RONALD PONTON, JR.

8) PONTON JR was served with process at his apparent home address of 634 Vickery Drive, Charlotte, North Carolina, 28215.

9) PONTON JR has made an appearance in this case through counsel.

## CLAIM FOR RELIEF

10) CONNOR seeks only monetary relief of $1,000,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## JURISDICTION AND VENUE

11) There is complete diversity of citizenship of the parties and the amount in controversy far exceeds $75,000.00. Therefore, jurisdiction is conferred on this Honorable Court by 28 U.S. Code § 1332.

12) Because the Defendants are not residents of the same state and the actions of the Defendants occurred in several districts across the United States, venue is proper in this Honorable Court. Therefore, venue is proper in this Honorable Court in accordance with 28 U.S. Code § 1391(b)(3).

13) This Honorable Court has jurisdiction over MEXICO MOVING because MEXICO MOVING operates and conducts business in Dallas County, Texas.

14) MEXICO MOVING solicits business in Dallas County, Texas.

15) MEXICO MOVING moves residents of Dallas County, Texas, to international destinations.

16) MEXICO MOVING retrieves the belongings from the homes of residents in Dallas County, Texas.

17) MEXICO MOVING stores the belongings of residents of Dallas County, Texas, at locations in Dallas County, Texas.

18) Further, MEXICO MOVING has a Texas business location in Laredo, Texas, listed on its website.

19) PONTON SR and PONTON JR both operate a business and conduct in Texas with no corporate filing or certificate of authority to operate in Texas as any legal business entity.

20) PONTON SR and PONTON JR operate a business and conduct business in Texas as a General Partnership.

21) PONTON SR and PONTON JR solicit business in Texas.

22) PONTON SR and PONTON JR provide moving services to residents of Texas.

23) PONTON SR and PONTON JR solicit payment from residents of Texas.

24) PONTON SR and PONTON JR have a business location in Laredo, Texas, listed on their website.

25) PONTON SR and PONTON JR avail themselves of the protection of the laws of the State of Texas by operating in Texas.

26) As such, PONTON SR and PONTON JR are subject to the jurisdiction of the Courts in Texas.

27) Therefore, this Honorable Court has personal jurisdiction over all the Defendants in this case.

## CAUSES OF ACTION

### Breach of Contract

28) CONNOR entered into a contract with MEXICO MOVING to move his belongings internationally.

29) The contract called for the safe move of his belongings from Canada to his final destination.

30) Shortly after transferring his belongings to the custody, care, and control of MEXICO MOVING, his belongings were severely damaged in a fire in the trailer owned and operated by MEXICO MOVING.

31) MEXICO MOVING breached the contract with CONNOR in that they did not safely move his belongings to his final destination.

32) CONNOR paid the charges for the move.

33) CONNOR suffered damages of at least $400,000.00 as a direct and proximate result of the actions of MEXICO MOVING.

**Fraud**

34) MEXICO MOVING, PONTON, SR., and PONTON, JR., held out to CONNOR that MEXICO MOVING carried insurance coverage sufficient to cover all of his belongings in the event of a loss.

35) MEXICO MOVING, PONTON, SR., and PONTON, JR., all knew this was false when the representation was made.

36) CONNOR relied upon this false representation when making the decision ow which moving company to use in his move.

37) CONNOR suffered damages of at least $400,000.00 as a direct and proximate result of the misrepresentation made by MEXICO MOVING, PONTON, SR., and PONTON, JR.

**Negligence**

38) MEXICO MOVING, PONTON, SR., and PONTON, JR., all had a duty to reasonably protect the property of CONNOR.

39) These defendants breached that duty.

40) CONNOR suffered damages of at least $400,000.00 as a direct and proximate result of the actions of MEXICO MOVING, PONTON, SR., and PONTON, JR.

**Gross Negligence**

41) MEXICO MOVING, PONTON, SR., and PONTON, JR., had a duty to reasonably protect the property of CONNOR.

42) By loading rechargeable batteries, a known fire hazard, into the trailer containing CONNOR's belongings, these defendants acted with such conscious indifference as to that duty that their conduct rises to gross negligence.

43) CONNOR suffered damages of at least $400,000.00 as a direct and proximate result of the actions of MEXICO MOVING, PONTON, SR., and PONTON, JR.

## **Attorney's Fees**

44) The Defendants' actions has made it necessary for Plaintiff to employ the undersigned attorney, licensed to practice in the State of Texas by the Texas Supreme Court, and has agreed to pay the attorney a reasonable fee.

45) A reasonable fee for the attorney's services rendered and to be rendered is at least $15,000.00.

46) Plaintiff has assigned the right to payment and judgment for attorney fees granted in this action to the Law Office of Grant S. Goens, PLLC.

47) In the event of a judgment granting an award of attorney fees, Plaintiff requests that this Honorable Court award such fees directly to the Law Office of Grant S. Goens, PLLC.

## PRAYER

Plaintiffs, JON CONNOR and SOLMAZ ALAVI, pray that Defendants be cited to appear and answer herein, and after final hearing, judgment be entered in favor of JON CONNOR and SOLMAZ ALAVI and against MEXICO MOVING COMPANY, LLC, an Alabama Limited Liability Company, RONALD PONTON, JR., an Individual, and RONALD PONTON, SR., jointly and severally, in which;

1. Plaintiff is granted judgment for $400,000.00 in actual damages for breach of contract;

2. Plaintiff is granted judgment for $400,000.00 in actual damages for fraud;

3. Plaintiff is granted judgment for exemplary damages for fraud;

4. Plaintiff is granted judgment for $400,000.00 in actual damages for negligence;

5. Plaintiff is granted judgment for $400,000.00 in actual damages for gross negligence;

6. Plaintiff is granted judgment for exemplary damages for gross negligence;

7. Plaintiff is granted pre-judgment interest at the highest rate allowed by law;

8. Plaintiff is granted judgment for at least $15,000.00 as a reasonable attorney's fee;

9. Plaintiff is granted judgment for all costs of court;

10. Plaintiff is granted judgment for post-judgment interest at the highest rate allowed by law on the total amount of the judgment from the date of judgment until paid; and

11. Plaintiff is granted such other and further relief, special or general, legal or equitable, as Plaintiff may be shown to be justly entitled to receive.

Respectfully Submitted,

_____
GRANT S. GOENS
State Bar Number 24007245
**LAW OFFICE OF GRANT S. GOENS, P.L.L.C.**
PO Box 707
Wylie, TX  75098

(469) 479-3518 cell
grant@goenslaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Complaint was served on the following Counsel for the Defendants in accordance with the Federal Rules of Civil Procedure on April 12, 2018:

Michael Barbee                                       ☐  ☐  Hand Delivery
Texas Bar No. 24082656                               ☐  ☐  CMRRR
**GRIFFITH BARBEE PLLC**                             ☐  ☐  Regular U.S. Mail
One Arts Plaza                                       ☐  ☐  Confirmed Facsimile
1722 Routh St., Ste. 710                             ☑  ☐  E-mail
Dallas, Texas 75201                                  ☑  ☐  E-service
(214) 446-6020 | main
(214) 446-6021 | fax
Michael.Barbee@griffithbarbee.com

_____

GRANT S. GOENS